LOURIE, Circuit Judge.
 

 Donald G. Spencer appeals from the judgment of the United States Court of Veterans Appeals affirming the decision of the Board of Veterans’ Appeals denying Spencer’s claim for compensation for an alleged service-connected disability.
 
 Spencer v. Brown,
 
 4 Vet.App. 288 (1993). Because the Board was not required to review his claim
 
 de novo
 
 and Spencer failed to present new and material evidence warranting the reopening of his claim, we affirm.
 

 BACKGROUND
 

 Spencer served on active military duty from March 1944 to February 1946. In 1975, he was diagnosed with multiple sclerosis (MS), a degenerative nerve disease. In November 1976, Spencer filed a claim with a regional office of the Veterans Administration (“the agency”) for service-connected disability compensation for MS.
 
 [2]
 
 The claim was supported by a letter from a private physician suggesting the possibility that Spencer suffered his “first attack” of MS while on active duty in the spring of 1945. In view of the lack of evidence showing that the disability was incurred in or aggravated by his service in the military, the agency determined that Spencer’s disability was not service connected and denied his claim.
 
 See
 
 38 U.S.C. § 1110 (Supp. IV 1992); 38 C.F.R. § 3.303 (1993).
 

 In March 1977, Spencer submitted additional medical and lay evidence supporting his contention that his disability was service connected. The evidence related to a back condition allegedly incurred by Spencer during his period of service, which continued to cause him discomfort after his discharge. Spencer maintained that this back condition was symptomatic of MS and thus demonstrated that he suffered from MS during service or during the seven-year presumptive period subsequent to service.
 
 See
 
 38 U.S.C. § 1112(a)(4) (Supp. IV 1992) (seven-year presumptive period for MS). The agency, however, found that the record as supplemented remained inadequate to show that Spencer’s MS disability was incurred or aggravated in line of duty. On May 27, 1977, the agency confirmed its decision to deny Spencer’s claim for service-connected disability compensation.
 

 Spencer appealed the agency’s decision to the Board of Veterans’ Appeals.
 
 [3]
 
 On May 24, 1978, the Board denied Spencer’s claim on the ground that “a reasonable probability that multiple sclerosis was present during service or within seven years thereafter has not been demonstrated.” The Board subsequently reconsidered and affirmed its May 1978 decision in a final decision issued on January 10, 1980.
 

 
 *371
 
 Spencer sought to reopen his claim in 1983 based on evidence that he alleged was “new and material” within the meaning of 38 U.S.C. § 5108 (Supp. IV 1992) (formerly 38 U.S.C. § 3008).
 
 [4]
 
 The Board, however, determined that the additional evidence did not provide a new factual basis for allowing his claim,
 
 see
 
 38 U.S.C. § 7104(b) (Supp. IV 1992) (formerly 38 U.S.C. § 4004(b)); 38 C.F.R. § 20.1105 (1993), and denied Spencer’s request on October 4, 1984. Another request to reopen his claim based on new and material evidence was denied on similar grounds on March 30, 1987.
 

 Finally, Spencer requested that his claim be reconsidered on the basis that the Board failed to give sufficient consideration to statements of private physicians and others concerning the purported manifestations of MS during service or the presumptive period thereafter. The Board rejected that argument and again denied his claim on July 23, 1990. The Board determined that its May 1978, October 1984, and March 1987 decisions were final and that no new factual basis existed to warrant reopening of his claim.
 

 Spencer appealed the July 1990 Board decision to the United States Court of Veterans Appeals on August 10, 1990. Spencer argued that he was entitled to
 
 de novo
 
 review of his previously and finally disallowed claim, irrespective of whether new and material evidence had been presented. Specifically, Spencer asserted that the Veterans’ Judicial Review Act of 1988 (VJRA), Pub.L. No. 100-687, 102 Stat. 4105 (1988), created a new substantive right of entitlement to disability compensation and that the Board was required to review his claim
 
 de novo
 
 under 38 U.S.C. § 5110(g) (Supp. IV 1992) (formerly 38 U.S.C. § 3010(g)), which, according to Spencer, provides an exception to the finality provision of 38 U.S.C. § 7104(b) where there has been a statutory or regulatory change in veterans’ benefits law affecting a previously and finally disallowed claim.
 
 [5]
 

 The Court of Veterans Appeals agreed that section 5110(g) “appears to be contingent upon, and thus to presuppose, the existence” of a right to
 
 de novo
 
 adjudication of a previously and finally denied claim “where an intervening change in law or regulation has created a new basis of entitlement to a benefit.” 4 Vet.App. at 288, 289. However, the court rejected Spencer’s assertion that he was entitled to
 
 de novo
 
 review of his claim under the VJRA, because that legislation did not effect an intervening change in law that substantively affected Spencer’s claim for service-connected disability compensation such that a new basis for entitlement was created. In affirming the Board’s decision, the court also held that Spencer did not present new and material evidence justifying reopening of his previously and finally disallowed claim.
 

 Spencer now appeals the decision of the Court of Veterans Appeals affirming the Board’s denial of Spencer’s claim. To the extent that Spencer challenges the Board’s interpretation of governing statutes and regulations, we have jurisdiction to hear his appeal under 38 U.S.C. § 7292(c) (Supp. IV 1992).
 

 DISCUSSION
 

 I.
 
 De Novo
 
 Review
 

 Under the statutory scheme governing veterans’ benefits claims, a claim that is finally denied by the Board “may not thereafter be reopened and allowed and a claim
 
 *372
 
 based upon the same factual basis may not be considered.” 38 U.S.C. § 7104(b) (Supp. IV 1992). Thus, section 7104(b) precludes consideration of a previously and finally denied claim unless a new factual basis exists upon which benefits may be awarded. An exception to the finality provision of section 7104(b) arises only when “new and material evidence is presented or secured” which establishes a new factual basis for entitlement to a claimed benefit. 38 U.S.C. § 5108.
 

 Additionally, as the Court of Veterans Appeals recognized, “section 7104(b) does not preclude de novo adjudication of a claim, on essentially the same facts as a previously and finally denied claim, where an intervening and substantive change in law or regulation created a new basis for entitlement to a benefit.” 4 Vet.App. at 289. In reaching this conclusion, the court reasoned that
 

 [wjhen a provision of law or regulation creates a new basis of entitlement to benefits, as through liberalization of the requirements for entitlement to a benefit, an applicant’s claim of entitlement under such law or regulation is a claim separate and distinct from a claim previously and finally denied prior to the liberalizing law or regulation. The applicant’s later claim, asserting rights which did not exist at the time of the prior claim, is necessarily a different claim.
 

 Id.
 
 at 288-89.
 

 Spencer insists that the VJRA instituted a comprehensive overhaul of the statutory scheme governing adjudication of claims for veterans’ benefits and that the resulting change substantively affected the basis for establishing entitlement to his claimed benefits. Thus, in view of the “radical” changes in veterans’ benefits law brought about by the enactment of the VJRA, Spencer argues that the Court of Veterans Appeals erred in failing to recognize his right to
 
 de novo
 
 review of his claim.
 

 Whether the VJRA represented a “liberalizing” law,
 
 ie.,
 
 one which brought about a substantive change in the law creating a new and different entitlement to a benefit, is an issue of statutory interpretation subject to our
 
 de novo
 
 review.
 
 See Travel-stead v. Derwinski,
 
 978 F.2d 1244, 1250 (Fed.Cir.1992) (citing 38 U.S.C. § 7292 (Supp. IV 1992)). The ultimate objective when interpreting a statute is to give effect to the intent of Congress.
 
 See Gade v. National Solid Wastes Management Assn.,
 
 — U.S. -, -, 112 S.Ct. 2374, 2381-82, 120 L.Ed.2d 73 (1992). Our duty is “to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested.”
 
 National Labor Review Bd. v. Lion Oil Co.,
 
 352 U.S. 282, 297, 77 S.Ct. 330, 338, 1 L.Ed.2d 331 (1957). In discharging that duty, we look not only to the relevant statutory language, but to the design of the statute as a whole and to its object and policy.
 
 See Crandon v. United States,
 
 494 U.S. 152, 157, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990).
 

 It is clear that the VJRA instituted changes in the veterans’ benefits system and expanded the rights of veterans relating to the adjudication of their claims, including the right to seek judicial review, the right to have reasonable doubt resolved in favor of the claimant, and the right to an agency decision based on the evidence of record. However, we do not agree that such changes provided Spencer with a new basis of entitlement to his claimed benefits. Although the changes occasioned by the enactment of the VJRA were indeed significant, such changes were unmistakably procedural in nature. Spencer’s argument fails to appreciate that the reforms implemented by the VJRA were directed to improving the adjudicative process and did not create new substantive rights to veterans’ benefits.
 
 See generally,
 
 Barton F. Stichman,
 
 The Veterans’ Judicial Review Act of 1988: Congress Introduces Courts and Attorneys to Veterans’ Benefits Proceedings,
 
 41 Admin.L.Rev. 365 (1989). The statutory provisions governing entitlement to an award of service-connected disability compensation for MS, 38 U.S.C. §§ 1110 (MS must have been incurred or aggravated in line of duty), 1112(a)(4) (seven-year presumptive period for MS), were not altered by the VJRA. Spencer does not identify any changes effected by the VJRA
 
 *373
 
 that
 
 substantively
 
 affected the nature of his claim such that it became different and distinct from the one previously denied by the Board.
 

 We therefore hold that in the absence of a showing of a new basis of entitlement to a claimed benefit as the result of an intervening change in law or regulation,
 
 de novo
 
 review of a previously and finally denied claim to veterans benefits is not available. Here, Spencer failed to make that showing.
 

 Alternatively, Spencer argues that he is entitled to
 
 de novo
 
 review of his claim because there is no prohibition in the VJRA barring such review. We consider this argument to be devoid of merit. First, to the extent that the VJRA provides a waiver of sovereign immunity and a grant of jurisdiction, it must be construed narrowly.
 
 See United States v. Nordic Village, Inc.,
 
 — U.S. -, -, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992) (purported waivers of sovereign immunity must be narrowly construed);
 
 Livingston v. Derwinski,
 
 959 F.2d 224, 225 (Fed.Cir.1992) (jurisdictional statutes must be strictly construed). Second, and more importantly, a positive basis for
 
 de novo
 
 review is required; it is not sufficient that there be no prohibition against such review.
 
 Cf. Cecile Indus., Inc. v. Cheney,
 
 995 F.2d 1052, 1055-56 (Fed.Cir.1993) (in the absence of a statutory directive, this court is reluctant to inject “sweeping changes” into a well-defined adjudicative scheme).
 

 II. New and Material Evidence
 

 Spencer challenges the legal conclusion involved in the Court of Veterans Appeals’ determination that the evidence submitted in the 1990 Board proceeding did not constitute new and material evidence providing a new factual basis upon which Spencer’s claim could be reopened. Spencer argues that in determining that such evidence was merely cumulative of that already contained in the record, the court misinterpreted the pre- and post-VJRA provisions governing the reopening of claims.
 

 Under pre-VJRA law, the Board was authorized to reopen a finally disallowed claim upon the filing of new and material evidence “in the form of official reports from the veteran’s service department. 38 U.S.C. § 4004(b) (1982). Section 4004(b) was amended by the VJRA to “make a technical correction in the description of the [Board’s] authority to reopen a claim by deleting (as inconsistent with present practice) the present requirement that new and material evidence sufficient to reopen a claim be in the form of an official report from the proper service department.”
 
 Explanatory Statement on Compromise Agreement on Division A of S.ll,
 
 134 Cong.Rec. S16650, 16653 (daily ed. Oct. 18, 1988),
 
 reprinted in
 
 1988 U.S.C.C.A.N. 5834, 5840. The statute, as amended, no longer prohibits the Board from accepting evidence from other sources as new and material.
 
 See
 
 38 U.S.C. § 7104(b).
 

 Spencer asserts that because none of the evidence submitted by him in the 1978, 1984, and 1987 Board proceedings (consisting primarily of medical opinions, lay statements, and testimony) was in the form of official reports, such evidence could not have been properly considered by the Board. Thus, he contends the evidence submitted in the 1990 proceeding (consisting of testimony of Spencer and his wife) was “new and material” within the meaning of section 5108 because it could not have been cumulative of the evidence lawfully contained in the record.
 

 After a thorough and exhaustive analysis of the statutory and regulatory scheme governing the reopening of claims, the Court of Veterans Appeals concluded that pre-VJRA law was ambiguous as to whether the Board was prohibited from considering evidence not in the form of official reports, that the Board in fact had a practice of considering evidence from any source prior to the enactment of the VJRA, and that this practice was based on a permissible construction of the applicable pre-VJRA provisions. Accordingly, the court found that the evidence presented by' Spencer in the 1990 proceeding was merely cumulative of that which was previously of record at the time of the prior Board decisions, and thus that it was not new and material.
 

 We perceive no error in the legal analysis used by the Court of Veterans Appeals in resolving this issue. In the absence
 
 *374
 
 of such error, we cannot disturb the court’s holding that there was no new and material evidence presented after the Board’s 1987 decision that would entitle Spencer to a reopening of his claim, as that would require us to review the application of law to the facts of this case, concerning which we have no jurisdiction. 38 U.S.C. § 7292(d)(2) (Supp. IV 1992).
 

 Spencer finally contends that the Board in its prior decisions did not properly consider certain evidence presented in support of his claim, including Spencer’s testimony, lay statements, and private medical opinions. That contention, however, raises only questions of fact; it does not challenge the validity of any statute or regulation or the interpretation of a constitutional or statutory provision relied upon by the Court of Veterans Appeals in reaching its decision. Thus, we also have no jurisdiction to entertain that challenge. 38 U.S.C. § 7292(d).
 

 CONCLUSION
 

 In affirming the decision of the Board, the Court of Veterans Appeals did not err in holding that Spencer was not entitled to
 
 de novo
 
 review of his finally disallowed claim for service-connected disability compensation for MS under the Veterans’ Judicial Review Act of 1988. Additionally, the court did not err in determining that Spencer failed to present new and material evidence warranting reopening of his claim.
 

 AFFIRMED.
 

 [2]
 

 . Spencer had previously filed a claim for service-connected compensation for a backache on December 10, 1946. That claim was denied by the agency on June 10, 1947.
 

 [3]
 

 . Spencer expanded his appeal to include another claim for compensation for a service-connected back condition. That claim was denied by the Board and is not at issue in the instant case.
 

 [4]
 

 . Pursuant to Pub.L. 102-40, 105 Stat. 238 (1991) and Pub.L. 102-83, 105 Stat. 378 (1991) certain provisions of Title 38, United States Code, were recodified. Reference will be made to the new section numbers in this opinion.
 

 [5]
 

 . Section 5110(g), as the Court of Veterans Appeals recognized, "merely provides the means for determining the effective date of any award of VA benefits made pursuant to a liberalizing law or administrative issue.” 4 Vet.App. at 288. The provision stipulates that
 

 where compensation, dependency and indemnity compensation, or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.
 

 38 U.S.C. § 5110(g).