66 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gool COUNTS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7004.
 United States Court of Appeals, Federal Circuit.
 Sept. 1, 1995.
 
 Before MAYER, CLEVENGER, and RADER, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Gool Counts appeals a May 27, 1994, judgment of the Court of Veterans Appeals affirming the denial of his claim by the Board of Veterans Appeals.
 
 
 2
 Counts served in the Army on active duty from July 28, 1943, to December 14, 1945. On April 25, 1944, he was hospitalized for injuries sustained when a truck in which he was a passenger overturned. On November 30, 1945, Counts was given a physical exam prior to his release from active duty, and he reported residuals of a herniorrhaphy he had received in November 1944 and pain in his shoulders and back from the truck accident. Counts was denied service connection benefits for residuals of his injuries. In 1988, he sought to reopen his case. The Board of Veterans Appeals denied his claim on April 15, 1991, on the ground that the evidence he submitted was not new and material, was repetitious of evidence previously of record, and did not relate to the disabilities at issue.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, section 7292(d) requires the court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Counts argues that section 7292(d)(1) gives the court jurisdiction to decide "all relevant questions of law, including interpreting constitutional and statutory provisions." However, he challenges only factual determinations or the application of law to the facts of his case and does not present a genuine constitutional issue or a challenge to the validity or interpretation of a statute or regulation. Moreover, Counts himself characterizes the facts as "undisputed." He also argues that this court has jurisdiction under section 7292(d)(2) because his case presents a "constitutional issue." However, he does not offer authority to support his assertion that he has a constitutionally protected property interest in veterans benefits. For these reasons, jurisdiction is improper under 38 U.S.C. Sec. 7292 and this appeal must be dismissed. See, e.g., Spencer v. Brown, 17 F.3d 368, 374 (Fed.Cir.1994); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The case is dismissed.
 
 
 7
 (2) Each side shall bear its own costs.