Michael **GORDON** and Rena Gordon, Appellants,

v.

Jay H. **GOULINE**, Appellee.

Nos. 95–7127, 95–7128.

United States Court of Appeals, District of Columbia Circuit.

Argued March 7, 1996.

Decided April 19, 1996.

Charles S. Fax, Baltimore, MD, argued the cause and filed the briefs for appellants.

Irving E. Walker, Baltimore, MD, argued the cause for appellee, with whom Eric M. Davis was on the brief.

Before: EDWARDS, Chief Judge, SILBERMAN and GINSBURG, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Appellee Jay Gouline, trustee for appellant Michael Gordon's Chapter 7 bankruptcy estate ("Trustee"), sued Mr. and Mrs. Gordon to recover funds that appellants were alleged to have improperly transferred from the estate. Subsequently, the Gordons served Gouline with a written offer of judgment pursuant to Federal Rule of Civil Procedure 68.[1] The Trustee sent the Gordons a notice of acceptance, along with a cover letter stating that, under applicable bankruptcy rules, the agreed-upon compromise would have to be approved by the Bankruptcy Court after interested parties were given an opportunity to file objections. The Bankruptcy Court subsequently approved the agreement; however, the Gordons claimed that their original offer of compromise had expired and was no longer valid because, by conditioning acceptance of the offer on approval by the Bankruptcy Court, the Trustee did not unconditionally accept the offer within ten days as required by Rule 68.

We reject appellants' argument. Because the Federal Rules of Bankruptcy Procedure explicitly incorporate Rule 68, it is clear that Congress contemplated the use of Rule 68 offers of judgment to resolve bankruptcy disputes. However, it would be nearly impossible, as a realistic matter, for a trustee in bankruptcy to get approval of an offer of

---

1. Federal Rule of Civil Procedure 68 provides:

    At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.

judgment within ten days. Therefore, if a trustee's acceptance of an offer tendered pursuant to Rule 68 were always deemed "conditional" merely because it required the approval of the Bankruptcy Court, then Rule 68 would be virtually useless in bankruptcy proceedings. Moreover, in order to adhere to appellant's position, the Bankruptcy Court would always be required to waive the standard twenty-day period for creditors of the estate to comment on proposed compromises affecting the estate, which would mean that creditors would never be advised of the acceptance of a Rule 68 offer of judgment until after the fact. This position makes no sense, and the terms of Rule 68 do not require the result sought by appellant. Rather, we hold that the conditions of Rule 68 are fulfilled if the trustee accepts the offer within ten days. Upon such acceptance, bankruptcy approval must be obtained as expeditiously as possible. Accordingly, we affirm the decisions of the Bankruptcy Court and the District Court, which held that appellants are bound by their offer.

## I. BACKGROUND

On October 21, 1991, an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against appellant Michael Gordon. Because Chapter 7 calls for liquidation of the bankruptcy estate, Mr. Gordon requested that the case be treated under Chapter 11 of the Code instead, so that he might remain as debtor-in-possession of the estate and try to reorganize his affairs. The Bankruptcy Court granted Mr. Gordon's request, but then, on July 1, 1993, the court converted Mr. Gordon's Chapter 11 case back to a Chapter 7 case, and appellee Gouline was elected by the creditors to be the trustee.

On December 20, 1993, the Trustee sued the Gordons to recover $266,652.89 that appellants were alleged to have improperly transferred from the bankruptcy estate while Mr. Gordon was debtor-in-possession. On September 26, 1994, the Gordons served the Trustee with an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $101,000. Rule 68 provides that an offer of judgment is to remain open for

ten days and that an offer not accepted within ten days will be deemed withdrawn. *See* FED.R.CIV.P. 68.

On October 5, 1994, nine days after service of the offer, the Trustee served and delivered to the Gordons a notice of acceptance of the offer of judgment, as follows:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure and Rule 7068 of the Federal Rules of Bankruptcy Procedure, Jay H. Gouline, Trustee for the Bankruptcy Estate of Michael Gordon (the "Trustee"), hereby accepts Michael Gordon and Rena Gordon's Offer of Judgment against Michael and Rena Gordon in the amount of One Hundred One Thousand Dollars ($101,000), together with costs of this action.

Notice of Acceptance of Offer of Judgment (Oct. 5, 1994), *reprinted in* Joint Appendix ("J.A.") 24–25. A cover letter also accompanied this "Notice of Acceptance." The cover letter provided, in relevant part, as follows:

As you know, any compromise must be approved by the Bankruptcy Court and therefore, in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure we will prepare a notice of compromise of this adversary proceeding and file it with the Bankruptcy Court promptly. If no objections are filed to the notice of compromise, I will file with the Bankruptcy Court the original Offer of Judgment and an original Notice of Acceptance of Offer of Judgment as required by Rule 68 of the Federal Rules of Civil Procedure and Rule 7068 of the Federal Rules of Bankruptcy Procedure.

Letter from Kathleen G. Smith to Charles S. Fax (Oct. 5, 1994), *reprinted in* J.A. 23.

Based on the aforecited cover letter, the Gordons took the position that the Trustee's acceptance was not unconditional and that their offer of judgment, therefore, was automatically deemed withdrawn after the ten-day period. Accordingly, on October 7, 1994, the Gordons served and delivered to the Trustee a letter indicating that the offer had expired and could not be enforced. Letter from Charles S. Fax to Kathleen G. Smith (Oct. 7, 1994), *reprinted in* J.A. 26–27. The Trustee nevertheless filed a motion with the

Bankruptcy Court seeking both enforcement of appellants' offer of judgment and approval of the "compromise."

On October 20, 1994, the Bankruptcy Court held a hearing on the motion and decided to defer final approval of the compromise, finding that interested parties still had two weeks to file their objections. However, the Bankruptcy Court did grant the Trustee's motion for enforcement of the offer, and entered an order to that effect on October 28. No objections were subsequently filed, and, on November 8, 1994, the Bankruptcy Court entered an order approving the compromise.

The Gordons appealed to the District Court, which affirmed the ruling of the bankruptcy judge. *Gordon v. Gouline,* Civ.Action No. 94–2685, 1995 WL 860683, slip op. at 11 (D.D.C. Apr. 13, 1995), *reprinted in* J.A. 101, 111. The District Court ruled that the Trustee accepted the language of appellants' offer "verbatim, with no added conditions, within the requisite 10 day period." *Id.* at 8, *reprinted in* J.A. 108. According to the trial court, the cover letter, which referred to Bankruptcy Court approval, merely stated that the Trustee himself would not file the offer and acceptance with the court until it had been approved, but "in no way conditioned the Trustee's unconditional acceptance of the Gordons' offer of judgment." *Id.* The District Court also noted that, if Rule 68 required a trustee to obtain Bankruptcy Court approval within the ten-day acceptance period, as appellants claimed, Rule 68 would, for all practical purposes, be unavailable in bankruptcy cases because "[t]here would not be enough time to obtain such approval." *Id.* at 8 n. 7, *reprinted in* J.A. 108.

## II. ANALYSIS

■ Federal Rule of Civil Procedure 68 is designed "to encourage settlement and avoid litigation," *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985), by

allowing a party to make an offer of judgment to the adverse party, which may not be revoked within ten days. In this case, there is no dispute that the Trustee accepted the offer and that such acceptance occurred within ten days. Nevertheless, because the Trustee's cover letter refers to approval by the Bankruptcy Court, appellants claim that the acceptance was only conditional. Further, appellants argue that, absent approval from the Bankruptcy Court, the Trustee had no power to bind the estate, and, therefore, his purported acceptance of the offer of judgment was not legally effective.

Appellants' arguments are without merit. We see no reason to permit appellants to use the need for approval from the Bankruptcy Court as a technicality in order to renege on a deal they themselves proposed. Such a result is not only unfair, but would also render Rule 68 all but useless in bankruptcy cases.

■ We begin by noting that Federal Rule of Bankruptcy Procedure 7068 explicitly applies Rule 68 to bankruptcy proceedings.[2] Thus, it is clear that Congress contemplated the use of Rule 68 offers of judgment to resolve bankruptcy disputes. Given such an intent, we must interpret Rule 68 to give it real meaning in the context of bankruptcy proceedings. *Cf. Spencer v. Brown,* 17 F.3d 368, 372 (Fed.Cir.) ("The ultimate objective when interpreting a statute is to give effect to the intent of Congress."), *cert. denied,* —— U.S. ——, 115 S.Ct. 61, 130 L.Ed.2d 19 (1994).

■ Appellants argue that, because bankruptcy rules permit the court to approve a compromise or settlement only after notice is given to creditors and a hearing is held to receive any objections,[3] the approval process will unfairly extend the ten-day offer period under Rule 68. Thus, according to appellants, a ten-day offer can be converted "into an open-ended offer of indefinite duration,"

---

**2.** Federal Rule of Bankruptcy Procedure 7068 provides: "Rule 68 F.R.Civ.P. applies in adversary proceedings."

**3.** Federal Rule of Bankruptcy Procedure 9019 provides:

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees ... and to any other entity as the court may direct.

Brief of Appellants at 14, thereby increasing the risk to the offeror that the value of the case might drop substantially while the offer is pending. Appellants contend that, because of this increased risk, defendants will be less likely to make offers of judgment, and the policy rationale behind Rule 68 (to encourage settlements) will be defeated. Appellants therefore argue that the only appropriate way to apply Rule 68 in the bankruptcy context is to insist that the trustee obtain Bankruptcy Court approval within the ten-day period.

We reject the position advanced by appellants. It would be unreasonable (and unrealistic) to force bankruptcy trustees to determine whether to accept an offer of judgment, notify the Bankruptcy Court Judge, set a hearing date, and obtain the court's approval, all within ten days. Moreover, appellants' position fails to take proper account of Federal Rule of Bankruptcy Procedure 2002(a)(3), which requires that all parties in interest be given 20 days notice before any hearing to approve a compromise.[4] Thus, under appellants' construction, Rule 68 could *never* be employed successfully in bankruptcy proceedings because it would always take more than ten days to secure court approval. Although appellants rightly point out that Rule 2002(a)(3) permits the court to waive the notice obligation "for cause shown," if this exception were applicable here, creditors would never be consulted regarding *any* Rule 68 offer of judgment, and the exception would swallow the rule. *Cf. Haas v. IRS (In re Haas),* 48 F.3d 1153, 1156 (11th Cir.1995) (The court rejected an interpretation of a provision of the Bankruptcy Code that would render a general precept therein "an empty letter and defeat the central purpose of the Bankruptcy Code.").

■ Therefore, we believe that the only sensible way to accommodate the congressional purpose of making Rule 68 applicable in bankruptcy proceedings is simply to require a clear and unconditional acceptance by the trustee within ten days of the offer of judgment. Then, the parties must move as quickly as possible to get the Bankruptcy Court to approve the settlement. We see no reason that the extra time necessary to secure the court's approval should have anything to do with the original ten-day period within which the offer must be accepted.

We reject appellants' suggestion that this reading of Rule 68 will result in a large class of aggrieved debtors who will make offers to which they are unfairly bound while the approval process is pending. If the parties petition the court for expedited hearings, the approval process need not take very long. In this case, for example, the Bankruptcy Court held a hearing within 15 days after the Trustee's acceptance. At the hearing, the court indicated that it would grant the Trustee's motion for enforcement of the offer, while allowing creditors two weeks to file objections before officially approving the compromise. Two weeks later, the matter was disposed of by the Bankruptcy Court, which means the entire process was resolved in just over a month.

■ Further, we note that, in the context of class actions, Rule 68 offers of judgment are routinely employed despite the fact that all agreements must subsequently be approved by the court after a fairness hearing. *See, e.g., White v. Alabama,* 74 F.3d 1058, 1062–63 (11th Cir.1996) (The parties settled a class action pursuant to a Rule 68 offer of judgment and then asked the court to give final approval to the judgment following a Rule 23(e) fairness hearing.); *Blair v. Shanahan,* 38 F.3d 1514, 1517–18 (9th Cir.1994) (The court affirmed the district court, which had conducted a hearing before entering judgment on a Rule 68 settlement.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1698, 131 L.Ed.2d 561 (1995); *Cotton v. Hinton,* 559 F.2d 1326, 1329 (5th Cir.1977) (The court affirmed the district court, which had not only held hearings regarding a proposed Rule 68 settlement, but had even suggested

---

4. Federal Rule of Bankruptcy Procedure 2002(a)(3) provides:

... [T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ... the hearing on approval of a compromise or settlement of a controversy ..., unless the court for cause shown directs that notice not be sent.

changes to the agreement prior to granting approval.). Surely, if the relatively lengthy approval process in class actions has not been deemed to threaten the rationale underlying Rule 68's ten-day offer period, then there is no reason to believe appellants have been unfairly treated here, especially given the fact that Bankruptcy Court approval was obtained less than a month and a half after the offer was made.

We also reject appellants' argument that, because offerors would still need to go through discovery and prepare to meet any pre-trial deadlines while the approval process was pending, they would lose one of the benefits of making the offer in the first place. While it is true that Rule 68 does not automatically stay discovery or toll the running of pre-trial deadlines, once the trustee has accepted the offer, the parties are free to ask the court to defer any discovery deadlines or pre-trial conference dates until after the approval process is completed. Given both parties' interest in conserving resources, there is no reason to believe such a request would ever be contested. In any event, we see no indication that appellants requested a deferral in this case. Indeed, rather than even explore such a possibility, appellants attempted to withdraw their offer a mere two days after the trustee had accepted it.

Finally, appellants raise the specter of a Bankruptcy Court disapproving a Rule 68 settlement that the trustee has already accepted. In such a circumstance, it is conceivable that a trustee would still be bound by his acceptance of the offer of judgment and would therefore need to petition the court for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b).[5] However, we need not resolve this question because it is not before the court.

---

5. Federal Rule of Civil Procedure 60(b) provides:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denom-

## III. Conclusion

For the foregoing reasons, the decision of the District Court, enforcing the settlement, is affirmed.

*So ordered.*

inated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.