BRYSON, Circuit Judge,
concurring in part and dissenting in part.
I agree with the court that the 1992 change in the application of the presumption of aggravation to peacetime veterans does not constitute “new and material evidence” within the meaning of 38 U.S.C. § 5108. I part company with the court, however, with respect to its ruling that the 1992 change cannot constitute a “liberalizing change” in the law that creates a new basis of entitlement and thus permits the veteran to make a new claim for benefits. Because the Court of Veterans Appeals did not address the “liberalizing change” issue (even though it was presented by the parties), I would not resolve the issue but would remand this case to the Court of Veterans Appeals for that court to address the issue in the first instance. In Spencer v. Brown, 17 F.3d 368, 372-73 (Fed.Cir.1994), this court held that when an intervening liberalization in law or regulation substantively affects a veteran’s claim, the veteran is entitled to de novo consideration of the claim. The court today apparently reaffirms Spencer, but it holds that the “liberalizing change” doctrine does not apply to an evidentiary presumption such as the one at issue in this case. The court reasons that the “liberalizing change” doctrine applies only to substantive changes in eligibility requirements that “create a new cause of action,” and not to procedural changes regarding the manner in which disability claims are resolved. I am not prepared to embrace the “substantive-procedural” distinction as the basis for defining the “liberalizing change” doctrine, and I am not certain what the court means when it states that a “liberalizing change” must be a change that “creates a new cause of action.” I suspect that the court uses the term “new cause of action” to refer to a change in law that the court would recognize as sufficient to avoid the bar of finality. If so, the use of the “new cause of action” standard contributes nothing to the analysis.
Prior to December 1992, both wartime and peacetime veterans were entitled to a presumption of aggravation (ie., that any increase in a preexisting disability was caused by military service), if they were able to show that the disability underwent an increase in severity during service. For both classes of veterans, the presumption could be rebutted by a showing that the increase in disability was due to the natural progression of the disease or condition. See 38 C.F.R. § 3.306(a) (1992). For peacetime veterans, the presumption could be rebutted simply by showing that any increase in severity of the disability was “that normally to be expected by reason of the inherent character of the condition.” 38 C.F.R. § 3.306(c) (1992). For wartime veterans, however, the presumption of aggravation could be rebutted only by a showing of “clear and unmistakable evidence,” a significantly higher burden of proof. 38 C.F.R. § 3.306(b) (1992). Following the 1992 amendment to 38 C.F.R. § 3.306, clear and unmistakable evidence was required to rebut the presumption in favor of both wartime and peacetime veterans. See 38 C.F.R. § 3.306(b) (1997).
As a result of the 1992 change, some peacetime veterans whose service connection claims would have failed under the earlier “preponderance” standard will prevail under the “clear and unmistakable evidence” standard. Whether that difference is enough to make the 1992 change a “liberalizing change” of the sort that entitles a veteran such as Routen an opportunity to renew his application for disability benefits is an issue that *1444 would benefit from analysis by the Court of Veterans Appeals before we decide it. We should be reluctant to define the scope of the “liberalizing change” doctrine without guidance from the Court of Veterans Appeals, particularly in light of the fact that the General Counsel of the Department of Veterans Affairs interprets the doctrine in a manner at odds with the position taken by this court today. See Vet. Aff. Op. Gen. Couns. Prec. 26-97, 1997 WL 465966 (Jul. 16, 1997) (change liberalizing the evidentiary basis on which the entitlement to a benefit could be established may constitute a liberalizing change). I would therefore remand this case to the Court of Veterans Appeals to allow that court to address the “liberalizing change” issue directly rather than deciding the issue without the benefit of the analysis of the Court of Veterans Appeals and full briefing from the parties.