NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7247

BENJAMIN WRIGHT, JR.,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Benjamin Wright, Jr., of Morehead, Minnesota, pro se.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2007-7247

BENJAMIN WRIGHT, JR.,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  October 3, 2007

_____

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Benjamin Wright, Jr. appeals an order from the Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans Appeals (Board) decision, which denied Wright's request to reopen his claim for service connection disability for an alleged psychiatric disorder.  Wright v. Nicholson, No. 05-2046 (Vet. App. May 31, 2007).  Because Wright does not present an issue on appeal that falls within the statutory grant of jurisdiction for this court, we dismiss.

BACKGROUND

Wright served on active duty with the United States Air Force from May 1971 to October 1972.  Wright underwent a separation examination in September 1972.  He was diagnosed with a sociopathic personality; however, the Examiner stated that Wright

did not have psychosis, psychoneurosis, neurosis, or any other mental or physical condition. Wright applied for benefits for an allegedly service-connected psychiatric disability, but his claim was denied by a Veterans Affairs Regional Office (RO) in August 1981.

Wright did not appeal the RO's original decision, but he did make numerous subsequent attempts to reopen his claim for disability. The Board issued denied each of his requests in decisions dated October 1985, November 1994, and January 2001, each time concluding that Wright failed to submit new and material evidence warranting a reopening of his claim. After the January 2001 decision, Wright continued to send letters to the Board regarding his claim. In response, the Board issued a June 2005 decision, again denying Wright's request to reopen his claim. The Board's June 2005 decision described the evidence previously in Wright's file as well as the submissions that Wright had made since the Board's January 2001 decision. The new submissions were approximately 50 letters written by Wright that essentially reiterated information that was previously on file and arguments that Wright made in his two previous hearings. Thus, the Board concluded that the evidence was not new and material because it was "cumulative and redundant of the evidence on file at the time of previous adjudications."

Wright appealed the Board's decision to the Veterans Court. The Veterans Court affirmed the Board's decision, finding that the Board's determination that Wright failed to present new and material evidence to warrant a reopening of his claim was not clearly erroneous. This appeal followed.

ANALYSIS

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, unless a constitutional issue is presented, we may not review factual determinations or the application of law or regulation to a particular set of facts. Id. at § 7292(d)(2) (providing that unless a constitutional issue is raised we cannot review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case").

In this case, Wright is appealing the Veterans Court's affirmance of the Board's decision that Wright had not submitted new and material evidence sufficient to reopen his disability claim. "[T]he question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996) (citing Spencer v. Brown, 17 F.3d 368, 374 (Fed. Cir. 1994)).

Even construing the allegations in Wright's appeal as generously as possible given his pro se status, we are unable to find any issue raised by Wright that falls within the jurisdiction of this court. Accordingly, we must dismiss this appeal for lack of jurisdiction.

COSTS

Each party shall bear its own costs.