NOTE: This disposition is nonprecedential.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-7227

EDWARD J. ROSZKOWIAK,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

Brian T. Edmunds ,Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7227

EDWARD J. ROSZKOWIAK,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1315, Judge Alan G. Lance, Sr.

_____

DECIDED:  January 14, 2008

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans' Appeals denying Mr. Edward J. Roszkowiak's claim for service connection for a bipolar disorder.  <u>Edward J. Roszkowiak v. R. James Nicholson, Secretary of Veterans Affairs</u>, No. 05-1315 (Ct. Vet. App. Mar. 29, 2007).  Because Mr. Roszkowiak's appeal challenges the application of a regulation to the facts of his case, it is beyond the scope of this court's review.  Thus, this court <u>dismisses</u> for lack of jurisdiction.

BACKGROUND

Mr. Roszkowiak served on active duty in the U.S. Army from 1968 through 1970. Since 1974 he has received private psychiatric care, and in 1984 he was diagnosed with a bipolar disorder. According to Mr. Roszkowiak's psychiatrist, Dr. Corzo, he has suffered from this condition since childhood.

Mr. Roszkowiak filed a claim for service connection for bipolar disorder with the Department of Veterans Affairs St. Petersburg Regional Office ("RO") under 38 C.F.R. § 3.303. The RO denied the claim and issued rating decisions in June 1999 and March 2000. The RO cited the following evidence in its June 1999 decision: (i) service medical records from August 1968 to July 1970; (ii) outpatient treatment reports from VA Medical Center Bay Pines from May 1991 through June 1999; and (iii) a statement from Dr. Corzo dated May 1999. The RO found that Roszkowiak's service medical records did not contain evidence of a complaint, treatment, or diagnosis of a mental condition while he was in service. In particular, the record shows no treatment in service for a bipolar disorder. When he entered the service, Roszkowiak denied any nervous conditions. On separation, his clinical evaluation shows his psychiatric condition as normal. The RO found that the evidence did not demonstrate that the bipolar disorder was incurred in or aggravated by military service.

In reaching its March 2000 decision, the RO considered additional outpatient treatment reports and a statement from Dr. Corzo dated December 1999. Dr. Corzo stated that the "regimentation and severe stress" during military service exacerbated Roszkowiak's condition, and that Roszkowiak began psychiatric treatment in 1974. The RO discussed Dr. Corzo's statement but found that the preponderance of the evidence

demonstrates that there is no plausible relationship between Roszkowiak's military service and bipolar disorder. The RO's March 2000 decision became final pursuant to 38 C.F.R. § 3.160(d).

In August 2002, Roszkowiak petitioned the RO to reopen his claim for service connection for bipolar disorder "with the new & material evidence attached." The allegedly new and material evidence is another statement from Dr. Corzo, dated August 2002. The statement is nearly identical to Dr. Corzo's statements dated May 1999 and December 1999.

The RO rejected Mr. Roszkowiak's request, finding that he had not submitted new and material evidence adequate to reopen the claim. The RO stated that "[e]vidence that is cumulative and tends to reinforce a previously established point is NOT considered new." The RO also stated that it "can give no weight to Corzo's opinion because it is not supported by the evidence currently of record in your claims file, i.e. there was no evidence of the condition during your Army service." On appeal, the Board agreed with the RO and found that Dr. Corzo's August 2002 statement was redundant evidence because it is an "almost verbatim" combination Dr. Corzo's May 1999 and December 1999 statements, which the RO considered in rendering its decision.

The Veterans Court affirmed the Board's decision on March 29, 2007, and entered judgment on April 25, 2007. Mr. Roszkowiak submitted a timely notice of appeal on May 14, 2007.

DISCUSSION

This court has limited jurisdiction to review decisions of the Veterans Court. 38 U.S.C. § 7292. This court may consider appeals challenging the validity of any statute or regulation, or any interpretation thereof that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). However, unless a genuine constitutional issue is presented, this court may not review challenges to factual determinations or to the application of laws or regulations to facts. 38 U.S.C. § 7292(d)(2).

Mr. Roszkowiak's appeal centers on 38 C.F.R. § 3.156(a), which provides:

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

38 C.F.R. § 3.156(a).

Mr. Roszkowiak argues that the Veterans Court misinterpreted this regulation "when it implicitly defined 'redundant' and/or 'cumulative' evidence . . . as including evidence which was unconsidered in an original claim for compensation benefits." Mr. Roszkowiak offers two theories to show that Dr. Corzo's August 2002 statement was not redundant. The RO did not "consider" Dr. Corzo's May 1999 and December 1999 statements. Dr. Corzo's August 2002 letter provided a medical opinion about a nexus between the veteran's current disability and his military service.

While styled as a challenge to the Veterans Court's interpretation of 38 C.F.R. § 3.156(a), Mr. Roszkowiak's appeal actually challenges the application of the regulation to facts decided against him by the Board. The Veterans Court affirmed the

Board's findings. The Board found that the RO considered Dr. Corzo's May 1999 and December 1999 statements, which it cited and discussed in rating decisions. The Board also found that that Dr. Corzo's August 2002 statement is an "almost verbatim" combination of the 1999 statements, which were unsupported by clinical evidence and insufficient to establish a relationship between Mr. Roszkowiak's current mental disability and his military service.

This court has held that challenges to determinations that evidence is not "new and material" are outside its jurisdiction. Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996); Spencer v. Brown, 17 F.3d 368, 373-74 (1994). Because Mr. Roszkowiak's appeal challenges the application of the regulation by the RO, Board, and Veterans Court to the facts of his case, the appeal is beyond the scope of this court's review.

To the extent that Mr. Roszkowiak seeks to challenge this application or the underlying factual findings, he should consider procedures for collaterally attacking the RO's decision, which the Veterans Court suggested. See 38 C.F.R. §§ 3.105; DiCarlo v. Nicholson, 20 Vet. App. 52, 56-57 (2006). In addition, the RO and the Board have repeatedly informed Mr. Roszkowiak of the type of evidence that would qualify as new and material and, consequently, allow him to reopen his claim for service connection.

For the foregoing reasons, this court dismissed Mr. Roszkowiak's appeal for lack of jurisdiction.