NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS C. BUTLER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7134

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-0391, Judge Ronald M. Holdaway.

---

Before LINN, DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## ORDER

While on active duty in the U.S. Army, Marcus C. Butler was twice court-martialed and punished after going absent without official leave (AWOL). In 1970, Butler was discharged under other than honorable conditions, but he received a clemency discharge in 1977 under the Department of Defense's special discharge review program.

When Butler applied for Department of Veterans Affairs disability compensation in 1991, however, his claim was denied. Rogers was informed that despite his clemency discharge, he was nonetheless barred from receiving benefits because a 1980 discharge review board decision had found that Butler engaged in willful and persistent misconduct during service, and was therefore ineligible to receive benefits. Butler failed to appeal that decision denying him entitlement to service connection, and it became final.

In 1993, Butler sought to reopen his disallowed claim. In support of his request, Butler argued that he was insane when he went AWOL, and should not be barred from receipt of DVA benefits.* That argument was rejected, however, on the ground that the evidence submitted did not show the requisite mental state during service at the time of the offenses in question.

In 2005, Butler again sought to reopen his claim. This time, in addition to VA treatment records and other medical records, Butler testified that he had a mental breakdown during service after receiving news of personal troubles back home, and went AWOL only in unsuccessful attempt to return home to see his ill father.

The Board of Veterans' Appeals (Board) concluded that Butler's testimony and the additional evidence submitted was essentially repetitive of Butler's previous contentions of insanity, which had already been considered and rejected. The Board further explained that "the evidence added to the file since that prior denial does not

---

\* If a person was insane at the time of committing an offense leading to the person's court-martial, discharge, or resignation, the person is not barred from VA benefits based upon that period of service. 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b).

3                                  MARCUS BUTLER v. SHINSEKI

indicate that the Appellant was 'insane' at the [relevant times]."

Butler then appealed to the Court of Appeals for Veterans Claims ("Veterans Court"). In that appeal, Butler argued that the Board erred by determining that new and material evidence had not been submitted and, alternatively, that the Board failed to provide an adequate statement of reasons or basis for its determination.

The Veterans Court rejected each of Butler's arguments. With regard to the merits of the claim, the Veterans Court explained that the newly submitted evidence by Butler merely reflected his current medical condition or was repetitive of evidence in the record and previously considered and rejected by the Board. With regard to Butler's reasons or bases argument, the court stated "[t]he Board's rationale for [its new and material evidence] determination is thorough and allows for effective judicial review before the court."

This appeal followed. Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation and may interpret constitutional and statutory provisions as needed for resolution of the matter. *See* 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. *See* 38 U.S.C. § 7292(d)(2).

Butler asserts that the Veterans Court failed to honor his clemency discharge. By statute, an honorable or general discharge awarded under the special discharge review program does not remove a bar to benefits based

on persistent and willful misconduct unless a discharge review board determines that the original discharge would be upgraded under uniform standards meeting certain requirements. *See* 38 U.S.C. § 5303(e); *see also* 38 C.F.R. § 3.12(h)(2). As the Board noted, despite receiving clemency discharge status, Butler was informed of an unfavorable 1980 discharge review board decision that rendered him ineligible for benefits in a 1982 regional office decision, and again informed of that information when his service connection claim was denied in 1991. Because Butler failed to appeal from that initial decision, the determination became final.

Thus, the only issue before the Board and the Veterans Court in the present appeal was whether he had submitted new and material evidence warranting a reopening and reconsideration the denial. However, "[t]he question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996) (citing *Spencer v. Brown*, 17 F.3d 368, 374 (Fed. Cir. 1994)). Because Butler does not otherwise challenge the validity or interpretation of an applicable statute or regulation or any improperly applied rule of law, we dismiss this appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

MARCUS BUTLER v. SHINSEKI

FOR THE COURT

OCT 1 6 2012

/s/ Jan Horbaly
Jan Horbaly
Clerk

Date

cc:  Marcus C. Butler
     Matthew P. Roche, Esq.

s25