﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190515-23225
DATE: February 27, 2020

REMANDED

Entitlement to service connection for status post coronary artery bypass graft for coronary artery disease (claimed as heart condition due to Agent Orange exposure) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1964 to August 1968.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO).

Procedural History

Before further discussing the merit of this case, the Board finds it necessary to briefly address the relevant procedural history and the adequacy of the notice of disagreement (ie. May 2019 VA From 10182) in this case.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115-55, 131 Stat. 1105 (2017) (to be codified as amended in scattered sections of 38 U.S.C.). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review dated on or after February 19, 2019. As this case is based on a VA rating decision dated April 18, 2019, this appeal has been considered consistent with the new AMA framework.

In May 2019, the Veteran submitted a VA Form 10182 (Direct Review Request: Board Appeal), but as will be discussed in detail immediately below, he indicated that he wanted to appeal a January 2019 rating decision. In an August 2019 letter, the Board acknowledged the Veteran’s appeal request and informed him that the appeal had been placed on the Direct Review docket. 

After the April 2019 AMA rating decision (which denied reopening of the claim for service connection for CAD), the Veteran submitted a VA Form 10182 (Direct Review Request: Board Appeal) in May 2019, indicating that he wanted to appeal a January 2019 rating decision. He elected the “Direct Review” lane, and noted that he did not want a Board hearing and would not submit any additional evidence in support of the appeal. Theoretically, this is an inadequate notice of agreement, as it identified a legacy rating decision (ie. January 2019 rating decision), as opposed to an AMA rating decision (ie. the April 2019 rating decision). However, considering that the Board acknowledged the Veteran’s appeal request and informed him that the appeal had been placed on the Direct Review docket, the Board will liberally construe the Veteran’s filing of the May 2019 VA Form 10182 in a fashion most favorable to him and construe it as the Veteran’s attempt to appeal the April 2019 AMA decision. The Board therefore accepts jurisdiction. 

Issue on appeal

Before proceeding to discussing the reasons for remand in this case, the Board would like to clarify the issue on appeal. The Veteran’s claim for service connection for a heart condition had been denied in June 2014 and February 2016. In such a case, new and relevant evidence would ordinarily be required to reopen a previous, final denial of a claim. However, when a liberalizing law creates a new basis for establishing entitlement to benefits, a claim for service connection that asserts the new theory of entitlement is considered a new claim that is legally and factually distinct from the former claim, even if the claimed disease or injury is the same. As discussed in more detail below, new caselaw has affected how VA determines whether a veteran was exposed to Agent Orange. In these circumstances, the Board finds this liberalizing Court determination creates a new basis of entitlement, and new and relevant evidence is not required to reopen the Veteran's previously denied claim. See Spencer v. Brown, 4 Vet. App. 283, 288-89 (1993), aff'd 17 F.3d 368 (Fed. Cir. 1994). Therefore, the claim has been recharacterized as shown above to reflect it will be adjudicated on a de novo basis. 

Reasons for Remand

Under the AMA, when a claimant seeks appellate review through the Board’s Direct Review docket, the Board only may consider the evidence of record at the time of the AOJ decision on appeal. Pub. Law 115-55 (Aug. 23, 2017), 131 Stat. 1114 (to be codified at 38 U.S.C. § 7113(a)). Also, the Veteran chose the direct review lane, which means the evidence he submitted with his Form 10182 cannot be considered, because it was not of record at the time of the April 2019 decision. Therefore, the Board must emphasize that none of the evidence the Veteran later submitted, which included maps and deck logs, can be considered under the very explicit evidentiary provisions of the AMA. 

The Board must remand AMA appeals to the AOJ to correct pre-decisional duty to assist errors. See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). In this case, the following duty to assist error was evident before the April 2019 Rating Decision on appeal, and thus, a remand is required.

VA historically interpreted the statutory phrase “served in the Republic of Vietnam” under 38 U.S.C. § 1116 as a veteran who served on land or inland waterways, during the period beginning on January 9, 1962 and ending on May 7, 1975, be considered exposed to an herbicide agent, and that exposure in turn will be presumed to be the cause of certain enumerated diseases, to include CAD. See 38 C.F.R. § 3.309(e); See Haas v. Peake, 525 F.3d 1168, 1180-83 (Fed. Cir, 2008). However, in January 2019, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that the phrase “in the Republic of Vietnam” included the 12 nautical mile territorial sea of Vietnam. Procopio v. Wilkie, 913 F.3d 1371 (Fed. Cir. 2019). Therefore, the presumption of exposure to herbicide agents now extends to veterans who served within that area. Here, the Veteran had previously asserted Agent Orange exposure as the etiology of his heart condition. Although Procopio was in effect prior to the April 2019 rating decision, the RO failed to make sufficient factual development in light of Procopio (ie. factual development to determine whether the Veteran served within the 12-nautical mile territorial sea of Vietnam). As this was a pre-decisional duty to assist error, the Board remands the case.

The matter is REMANDED for the following action:

Develop this claim further to make a sufficient finding as to Agent Orange exposure in light of Procopio v. Wilkie, 913 F.3d 1371 (Fed. Cir. 2019).

 

 

MICHELLE L. KANE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Lee

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.