DAVIS, Judge:
Appellant Vola M. Brown, through counsel, appeals from a November 18, 2003, Board of Veterans’ Appeals (Board or BVA) decision that denied entitlement to an effective date earlier than April 19, 2001, for her award of dependency and indemnity compensation (DIC) benefits. A three-judge panel of the Court heard oral argument on October 17, 2005. On November 14, 2006, this case was submitted to the en banc Court. On appeal, the Court must determine whether the Board erred by failing to address the effective-date provision contained in 38 C.F.R. § 3.114(a)(3) (2006), which provides for an effective date of one year prior to the date of the claim if benefits are awarded pursuant to a liberalizing law. For the reasons set forth below, the Court will affirm the November 2003 Board decision.
I. BACKGROUND
The veteran, Johnnie C. Brown, served on active duty from July 1948 to November 1953 and from December 1953 to August 1968. Between November 1950 and September 1953, during the Korean War, he was a prisoner of war (POW). He died on November 10, 1978, as a result of “acute myocardial infarction” due to “ath- *292 erosclerotic heart disease.” Record (R.) at 33.
The appellant is the veteran’s surviving spouse. In November 1981, the Board denied her original claim for service connection for the cause of the veteran’s death. In May 1994, the Chicago, Illinois, VA regional office (RO) denied the appellant’s attempt to reopen her claim. She appealed that decision to the Board. While her appeal was pending, in July 1994, § 3.309(c) of title 38, Code of Federal Regulations, was amended effective August 24, 1993. That amendment provided for presumptive service connection for certain diseases manifesting in former POWs and stated: “NOTE: For purposes of this section, the term beriberi heart disease includes ischemic heart disease in a former prisoner of war who had experienced localized edema during captivity.”[1] 59 Fed. Reg. 35,464 (1994).
Following an appeal, in a February 1997 decision, the Board concluded that new and material evidence had not been presented sufficient to reopen her claim. In reaching its conclusion, the Board reviewed the evidence submitted since the previous denial, including numerous declassified service department records that were, ultimately, not relevant to the appellant’s claim, and statements, dated May 1994 and January 1995, in which the appellant claimed that the veteran suffered from beriberi disease. With respect to the evidence provided after the previous denial, the Board stated:
The appellant has suggested that the veteran may have had beri-beri heart disease, a disease for which presumptive service connection for former [POW]s is recognized. 38 C.F.R. § 3.309(c). Available records, however, make no mention of this condition, and none have [been] presented to support this contention.
R. at 20. The appellant did not appeal that decision.
On April 19, 2001, she again sought to reopen her claim. She submitted an April 2001 statement from Henry E. Nix, a serviceman who was a POW with the veteran. Mr. Nix reported that, while he and the veteran were POWs, he saw the veteran’s “feet, ankles and lower legs swell and crack open on several occasions.” R. at 39.
In July 2001, the RO granted the appellant’s claim because the new evidence showed localized edema in service and established a presumption of ischemic heart disease. The RO noted that the appellant’s claim had been reviewed after the amendment to 38 C.F.R. § 3.309(c), but concluded that, at that time, no evidence had been presented showing beriberi or localized edema, and thus, the claim had been denied. However, the RO noted that new evidence showed localized edema, thus implicating a presumption of ischemic heart disease. The RO concluded that the veteran’s death was service connected. Regarding the effective date, the RO decision stated:
Service connection for the cause of death is now established based upon the new and material evidence received in April of this year. The effective date of entitlement to [DIC] and [educational benefits] is the date of the current claim [(i.e., April 19, 2001)]. Consideration for an earlier effective date under 38 C.F.R. § 3.114(a) has been given, but the change in the decision is based upon new evidence received after the liberalizing changes in the law and regulations.
*293 R. at 44. The appellant filed a Notice of Disagreement as to the effective date. The RO subsequently issued a Statement of the Case (SOC), noting that
[a]lthough the claim was reviewed after the change in laws with respect to POWs and heart disease, no evidence had been furnished to suggest the presence of beriberi and/or localized edema during captivity, and the claim remained in denied status. The new evidence from the veteran’s fellow POW established a new factual basis for reconsideration of the claim.... Consideration of an earlier effective date under 38 C.F.R. § 3.114 has been given but the change in the decision is based upon new evidence received after the liberalizing changes in law and regulations.
R. at 74.
On November 18, 2003, the Board issued the decision here on appeal. Therein, the Board upheld the April 19, 2001, effective date, noting that the effective date cannot be earlier than the date of the appellant’s claim to reopen. R. at 8-9 (citing 38 U.S.C. § 5110(a) and 38 C.F.R. § 3.400(q)(l)(ii) (2003)).[2] The Board determined that the RO had reopened the previously denied claim based on both the statement of Mr. Nix and the amendment to § 3.309(c). The Board concluded that the effective date could be no earlier than the date of the April 19, 2001, claim to reopen because the claim was eventually granted based on the new and material evidence submitted on that date. As to the appellant’s argument that the liberalizing law ultimately resulted in the grant of her claim, the Board reasoned:
[I]t is noted in that regard that the liberalizing amendment in question was considered in the Board’s February 1997 decision which determined that new and material evidence had not been submitted showing that the requirements of amended 38 C.F.R. § 3.309(c) had been met. The Board’s 1997 decision remains final.
R. at 8. Thus, the Board determined that, absent a motion for revision based on clear and unmistakable error (CUE) in a prior decision, “or unless the new and material evidence resulted from correction of military records,” the effective date is set by section 5110(a) and § 3.400(q)(l)(ii), and the RO decision as to the effective date must be upheld. R. at 8-9. This appeal ensued.
II. CONTENTIONS ON APPEAL
Before the Court, the appellant argues that she may be entitled to an earlier effective date pursuant to 38 C.F.R. § 3.114(a)(3). She contends that, because her appeal involved the effective date of her claim, the Board in 2003 provided inadequate reasons or bases by failing to address the liberalizing-law effective-date regulation. Therefore, she argues that this Court should vacate the Board decision, “with an instruction that the Board consider whether Mrs. Brown is entitled to an earlier effective date of April 19, 2000, pursuant to 38 C.F.R. § 3.114(a)(3).” Appellant’s Brief (Br.) at 9.
In response, the Secretary argues that, as a matter of law, the Board decision should be affirmed. The Secretary submits that the liberalizing amendment to § 3.309(c) was considered in the Board’s February 1997 decision, however, the Board denied the appellant’s claim because, even with the favorable change in *294 the law, there was insufficient evidence of the veteran’s edema in service. Thus, the Secretary contends that, when the claim was finally granted in July 2001 after the submission of new and material evidence, “[t]he effective[-]date regulation governing a grant based upon new and material evidence, found at 38 C.F.R. § 3.400(q)(l)(ii) controls, and not the effective [-]date regulation that governs a grant based upon a change in regulation, 38 C.F.R. § 3.114.” Secretary’s Br. at 5-6.
III. ANALYSIS
A. Law
In general, the effective date for an award of benefits will be based on the date of the claim that resulted in that award. See Williams v. Principi, 15 Vet.App. 189, 195 (2001) (en banc), aff'd, 310 F.3d 1374 (Fed.Cir.2002); Lalonde v. West, 12 Vet.App. 377, 380 (1999). However, section 5110(g), title 38, U.S.Code, provides an exception to the general rule that, in relevant part, states:
[Wjhere compensation, [DIC], or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.
38 U.S.C. § 5110(g).
VA’s implementing regulations reflect the exceptions to the general rule, setting forth, under 38 C.F.R. § 3.400, various effective-date provisions. Pertinent to the instant case, 38 C.F.R. § 3.400(q)(l)(ii) governs the effective date of a claim reopened “after final disallowance” based upon the submission of new and material evidence — it is either the “[d]ate of receipt of the new claim, or [the] date entitlement arose, whichever is later.” 38 C.F.R. § 3.400(q)(l)(ii) (2006) (emphasis added); see Link v. West, 12 Vet.App. 39, 46 (1998). Also relevant here, § 3.400(p) directs that, in order to determine the appropriate effective date of a claim granted as a result of a favorable change in the law, the reader must “[s]ee [38 C.F.R.] § 3.114.” In turn, § 3.114 dictates that the effective date for a claim granted based on that favorable change in law cannot be earlier than the effective date of the liberalizing law or VA regulation; however, where a claimant requests review of the claim more than a year after the amendment, “benefits may be authorized” for up to one year prior to VA’s receipt of the claim. 38 C.F.R. § 3.114.
The Board’s effective-date determination is reviewed under the “clearly erroneous” standard of review set forth in 38 U.S.C. § 7261(a)(4). See Bonner v. Nicholson, 19 Vet.App. 188, 193 (2005); Hanson v. Brown, 9 Vet.App. 29, 32 (1996). “ ‘A finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’” Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). If the Board’s “ ‘account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it.’ ” Gilbert, 1 Vet.App. at 52 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).
B. Application of § 3.114(a)(3)
In its 2003 decision, the Board determined that the effective date for the appel *295 lant’s DIC benefits could be no earlier than the date of the claim in accordance with the new-and-material-evidenee effective-date regulation (as opposed to the liberalizing-law effective-date regulation, which would have allowed an effective date one year prior to the date of the claim). In support of its determination, the Board reasoned that the claim was granted on the basis of the new and material evidence provided.
As noted above, the Secretary promulgated regulations in accordance with section 5110(g), which allow an effective date one year earlier than the date of the claim if benefits were granted “pursuant to a liberalizing law.” 38 C.F.R. § 3.114(a). Although the term “liberalizing law” remains undefined in VA regulations, this Court and the United States Court of Appeals for the Federal Circuit have determined that a liberalizing law is “one which brought about a substantive change in the law creating a new and different entitlement to a benefit.” Spencer (Donald) v. Brown, 17 F.3d 368, 372 (Fed.Cir.1994); see also Routen v. West, 142 F.3d 1434, 1441 (Fed.Cir.1998) (“If a new law provides for benefits not previously available, even though grounded on some but not all of the same facts adjudicated under an earlier law, a new cause of action is created along with a new entitlement to a remedy.”); Green v. Brown, 10 Vet.App. 111, 116 (1997); Spencer (Jesse) v. Brown, 4 Vet.App. 283, 288-89 (1993), aff'd, 17 F.3d 368 (Fed.Cir.1994).
The Board decision here on appeal recognized that the 1994 amendment to § 3.309(c) was “liberalizing,” because it “recognized for the first time a causal connection between episodes of localized edema during captivity and the subsequent development of ischemic heart disease in former [POWs], such as the veteran[,] and permitted presumptive service connection for ischemic heart disease of a former [POW].” R. at 6. We agree.
However, the Court’s analysis cannot end there. The plain language of the statute and its implementing regulation require two specific findings: A finding that a liberalizing law or administrative issue was implemented, as well as a determination that the ultimate grant of benefits was “pursuant to” such a favorable change in the law. Because the appellant’s previous attempt to reopen her claim was rejected despite promulgation of the liberalizing amendment to § 3.309(c), the Court is presented with a question as to whether the grant of benefits was “pursuant to” the 1994 amendment, or, simply, the submission of new and material evidence. 38 U.S.C. § 5110(g); 38 C.F.R. § 3.114(a). Specifically, the Court must consider whether the intervening 1997 Board decision rendered § 3.114(a)(3), and the retroactive assignment of an effective date, inapplicable. For the following reasons, the Court holds that § 3.114 was not applicable to the appellant’s claim, and it was not error for the Board to omit discussion of an earlier effective date in accordance with that regulation.
The view that there is an indefinite duration for the applicability of section 5110(g) and § 3.114(a) is contrary to this Court’s precedent. In Link, 12 Vet.App. at 41, the appellant filed a service-connection claim for an eye condition in 1963, which was denied because the RO noted that the eye condition had not been aggravated during service. In March 1985, the VA General Counsel issued an opinion recognizing service connection for congenital disorders. Id. at 42. On the basis of that opinion, Mr. Link sought to reopen his claim; a hearing officer denied that claim, and a 1989 RO decision, a 1989 Board decision, and a 1990 Board reconsideration decision affirmed that denial, de *296 termining that Mr. Link had not presented new and material evidence to reopen his claim. Id. The appellant again sought to reopen his claim in 1991 by providing new and material evidence, and in 1992, the claim was reopened and an effective date of March 1991 was established. Id. at 42-43. The Link Court noted that, even if there were liberalizing changes in the law between 1985 and 1990, prior to the 1991 claim to reopen, the appellant’s claim had previously been considered in light of such liberalizing changes. Id. at 46. The Court concluded that, “to the extent that the appellant was entitled to an adjudication based upon any liberalizing change, the 1990 Board decision, not the Board decision presently on appeal, provided him with such an adjudication.” Id. The Court thus determined that section 5110(g) and § 3.114(a) were inapplicable. Id.
To receive the benefit of section 5110(g) and § 3.114, a claim must be granted “pursuant to” a liberalizing law. Section 5110(g) states, in pertinent part: “[Wjhere ... [DIC] ... is awarded ... pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found....” 38 U.S.C. § 5110(g) (emphasis added). In other words, the plain language of the statute and implementing regulation § 3.114(a)(3) contemplate a cause-and-effect relationship between the passage or promulgation of a liberalizing law, and a subsequent review of a prior final decision on a claim for benefits. Pertinent to this case, this Court consistently has held that where there is no additional change in law following a final decision that has considered a liberalizing regulation, a subsequent award would not have been made “pursuant to” the act or administrative issue that is the subject of a claimant’s challenge under § 3.114(a)(3). See Spencer v. Brown, 4 Vet.App. at 289 (“The use of the words ‘pursuant to’ clearly indicates that the benefits of this provision adhere only where the ‘Act or administrative issue’ is one which provides a substantive basis for establishing entitlement to benefits.”); see also Bonner, supra; Green, 10 Vet.App. at 116. In other words, where there is no change in law following a final decision, section 5110(g) cannot apply, because an award has not been made “pursuant to” an act or administrative issue.
Based on the facts of the present case, the Court concludes that § 3.114(a)(3) was not available for application because benefits were not awarded in 1997 when the amended regulation was first considered, and also, that there was no additional change in law following the 1997 decision denying the appellant’s claim. There is no dispute that her claim to reopen her DIC claim was denied in a 1997 Board decision, three years after promulgation of the amendment to § 3.309(c). The Board in 1997 cited to § 3.309(c) in its decision (see R. at 19-20), and there is no evidence that the 1994 liberalizing changes to that regulation were not applied by the 1997 Board to Mrs. Brown’s claim.[3] See Dolan v. Brown, 9 Vet.App. 358, 362 (1996) (concluding that VA has duty to consider any presumption that may be applicable to a *297 veteran’s claim and, in the absence of “clear evidence” to the contrary, is presumed to have done so); see also Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991) (Board must consider all potentially applicable laws and regulations); 38 U.S.C. § 7104(a) (Board decision to be based on consideration of all “applicable provisions of law and regulation”). There is also no dispute that the appellant did not appeal that decision and it became final. As in Link, an earlier decision provided the appellant with an adjudication based on the liberalizing change. See Link, supra.
The only difference between the Board’s 1997 decision and the decision on appeal is the consideration of the new evidence supplied by the appellant. While the appellant derived some benefit from the liberalizing amendment to § 3.309(c), the ultimate award of benefits was not “pursuant to” the change in law; rather, the award was made pursuant to the submission of the new evidence — evidence that was not before the Board in 1997 — that her husband suffered from localized edema while a POW.[4] Based on that new evidence, the RO granted service connection and assigned the earliest possible effective date for the award of DIC benefits — April 19, 2001. Based on the foregoing, the 2003 Board’s affir-mance of that date was not clearly erroneous.
C. Statement of Reasons or Bases
The Board is required to consider all evidence of record and to consider, and discuss in its decision, all “potentially applicable” provisions of law and regulation. Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991); see 38 U.S.C. § 7104(a); Charles v. Principi, 16 Vet.App. 370, 373 (2002); Weaver v. Principi, 14 Vet.App. 301, 302 (2001) (per curiam order); Sanden v. Derwinski, 2 Vet.App. 97, 100 (1992). The appellant argues that the Board provided an inadequate statement of reasons or bases because it failed to address § 3.114. Because the Court concludes that § 3.114(a)(3) was inapplicable when determining the effective date for the award of DIC benefits because of the intervening Board decision, the Board did not err in failing to discuss that regulation.
IV. CONCLUSION
On the basis of the foregoing, the record on appeal, and the parties’ submissions and presentations at oral argument, the November 18, 2003, Board decision is AFFIRMED.
SCHOELEN, Judge, filed a dissenting opinion in which HAGEL, Judge, joined.

. "Ischemic heart disease” is a synonym for "arteriosclerotic heart disease.” Dorland's Illustrated Medical Dictionary 528 (30th ed.2003).

. Generally, section 5110(a) and § 3.400(q)(l)(ii) provide that, if an award for benefits is made as a result of new and material evidence, the claimant is entitled to an effective date no earlier than the date of the claim. See 38 U.S.C. § 5110(a), 38 C.F.R. § 3.400(q)(l)(ii) (2006).

. The dissent contends that "there is absolutely no indication that the Board considered the 1994 amendment to 38 C.F.R. § 3.309(c)”; however, in the absence of clear evidence that the Board did not consider that regulation, we must presume that by citing § 3.309(c), the Board considered the whole and correct version of the regulation, including the 1994 amendment. See Marsh v. Nicholson, 19 Vet. App. 381 (2005) ("There is a presumption of regularity that public officers perform their duties 'correctly, fairly, in good faith, and in accordance with law and governing regulations.’ ” (quoting Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 795 (Fed.Cir.1993))).

. The dissent contends that we should afford deference to VA’s determination that 38 U.S.C. § 5110(g) applies in claims to reopen, and we disagree with neither that proposition, nor with the proposition that VA’s regulations become ambiguous when both the liberalizing-law effective-date provision and the new-and-material-evidence provision apply. However, because the appellant’s claim was ultimately granted based solely on new and material evidence, only the new-and-material-evidence effective-date provision applies here.