# United States Court of Appeals
# for the Federal Circuit

---

**LADY LOUISE BYRON,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7170

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4634, Judge Mary J. Schoelen.

---

Decided: February 17, 2012

---

EDWARD R. REINES, Weil, Gotshal & Manges, LLP, of Redwood Shores, California, argued for claimant-appellant. With him on the brief was JUSTIN M. LEE. Of counsel on the brief were JEFFREY G. HOMRIG and LAWRENCE OKEY ONYEJEKWE, JR., Kasowitz, Benson, Torres & Friedman LLP, of San Francisco, California.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-

appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Ms. Lady Louise Byron appeals from a decision by the Court of Appeals for Veterans Claims (Veterans Court) remanding the case for further proceedings before the Board of Veterans' Appeals (Board). *Byron v. Shinseki*, No. 09-4634, slip op., 2011 WL 2441683 (Ct. Vet. App. June 20, 2011). Because the Veterans Court properly remanded to the Board to make factual determinations in the first instance, we *affirm.*

## BACKGROUND

This case arises from the Board's decision denying an earlier effective date of service connection for the cause of the death of Ms. Byron's husband, a veteran. Ms. Byron alleged that her husband developed cancer due to exposure to radiation while he was serving on active duty. Based on regulations that presume causation for certain diseases, the Board awarded service connection with an effective date of May 1, 1988. The Board did not determine whether Ms. Byron established a direct service connection that was not based on the presumptions. On appeal to the Veterans Court, the parties agreed that the Board should have made such a determination because it may entitle Ms. Byron to an earlier effective date. Ms.

Byron sought for the Veterans Court to reverse the Board's decision rather than vacate and remand it. Because the Board did not consider the evidence or make factual findings concerning direct service connection, the Veterans Court remanded the case to the Board to make such findings in the first instance. *Byron*, slip. op. at 8-9. Ms. Byron now appeals the decision to remand.

### DISCUSSION

Remand orders of the Veterans Court are normally not reviewable, *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001), but we have recognized exceptions to that rule. In *Adams*, a case very similar to this one, we held that a remand order was appealable because the issue pressed by the appellant was that he had a legal right not to be required to undergo a remand. In light of that decision and our subsequent decision in *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002), in which we set forth a three-part test to identify the class of cases in which remand orders are directly appealable, we hold that it is appropriate to review the remand order in this case. This case satisfies that three-part test because the Veterans Court's decision was a clear and final decision of the legal issue presented by Ms. Byron; the resolution of that issue against Ms. Byron will be adverse to her by forcing her to submit to a remand; and the remand will effectively moot Ms. Byron's claim that she has a legal right to a decision of her claim without the need for a remand. Following *Adams* and *Williams*, we have delineated the circumstances where review of a remand order is proper. *See, e.g.*, *Joyce v. Nicholson*, 443 F.3d 845, 850 (Fed. Cir. 2006) (holding that we may not review a remand order when the appellant is challenging the correctness of the analysis in the remand order); *Myore v. Principi*, 323 F.3d 1347, 1351-52 (Fed. Cir. 2003) (same); *Stevens v. Principi*, 289 F.3d 814, 817 (Fed. Cir. 2002)

(holding that we may review a remand order to determine the Veterans Court's authority to order a remand). This case involves the same type of issue present in *Adams* and *Stevens*, whether the Veterans Court has the authority to reverse the Board rather than remand the case. Unlike the issues in *Joyce* and *Myore*, the issue of whether the Veterans Court has authority to reverse would become moot once the case is remanded. Thus, this is one of the rare circumstances where review of a remand order is proper.

The scope of our review of a Veterans Court decision is limited by statute. *See* 38 U.S.C. § 7292 (2006). Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2). We review questions of law, including the interpretation of statutes and regulations, *de novo*. *DeLaRosa v. Peake*, 515 F.3d 1319, 1321 (Fed. Cir. 2008).

The parties agree that the Board erred by not analyzing whether Ms. Byron established a direct service connection. The parties disagree, however, whether the Veterans Court must remand, or whether it may assess the facts in the first instance. We resolved this issue in *Hensley v. West*, where we held that when the Board misinterprets the law and fails to make the relevant initial factual findings, "the proper course for the Court of Appeals for Veterans Claims [is] to remand the case to the [Board] for further development and application of the correct law." 212 F.3d 1255, 1264 (Fed. Cir. 2000). We explained that the statutory provisions governing the Veterans Court "are consistent with the general rule that appellate tribunals are not appropriate fora for initial fact finding." *Id.* at 1263; *see also* 38 U.S.C. § 7261(c) (2006) ("In no event shall findings of fact made by the Secretary

or the Board of Veterans' Appeals be subject to trial de novo by the [Veterans Court].").

To the extent that Ms. Byron argues that *Gonzales v. Thomas*, 547 U.S. 183 (2006) (per curiam) and *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam) provide otherwise, we disagree. The Supreme Court held that when an agency has not made an initial determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Thomas*, 547 U.S. at 186 (quoting *Ventura*, 537 U.S. at 16). In *Ventura*, the Supreme Court explained:

> Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. . . . The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

537 U.S. at 16-17. It is not enough that only a few factual findings remain or that the applicant may have a strong case on the merits. None of the rare circumstances found in the cases cited by Ms. Byron from other circuits is present in the current case. For example, this case does not "involve[] a legal question, as opposed to the factual questions that were at issue in *Ventura* and *Thomas*." *See Calle v. U.S. Attorney Gen.*, 504 F.3d 1324, 1330 (11th Cir. 2007). This is also not a case where the agency analyzed the issue in the first instance. *See Sierra Club v. U.S. Envtl. Prot. Agency*, 346 F.3d 955, 962-63 (9th Cir. 2003). Nor is this a case where the relevant facts were admitted. *See Hussain v. Gonzales*, 477 F.3d 153, 156-57 (4th Cir. 2007). The government even acknowledged at oral argu-

ment that had they conceded the relevant facts, it would have been proper for the Veterans Court to reverse rather than remand. Oral Argument at 24:45-26:00, *Byron v. DVA*, No. 2011-7170, available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 11-7170.mp3. Finally, this is not a case where the Veterans Court is finding facts related solely to the issue of harmless error, which according to the statute, it may do in the first instance. *Newhouse v. Nicholson*, 497 F.3d 1298, 1301-02 (Fed. Cir. 2007). When there are facts that remain to be found in the first instance, a remand is the proper course.

In this case, the government argues that at least two unresolved factual issues must be addressed before Ms. Byron may be awarded an earlier effective date based on a direct service connection. In particular, Ms. Byron must first show that her husband was exposed to radiation during service. *See* 38 C.F.R. § 3.303. Ms. Byron must also show that her husband's death was caused by such exposure. *See id.* It is not enough for Ms. Byron to claim that all of the evidence of record supports her position. The Board must still make an initial determination of whether Ms. Byron has sufficiently supported a claim for an earlier effective date. *See Thomas*, 547 U.S. at 186. It may well be that the Board concludes that Ms. Byron has established these facts. That, however, is precisely what needs to be done by the fact-finding agency in the first instance, not by a court of appeals.

For the foregoing reasons, we affirm the Veterans Court's decision remanding the case to the Board.

**AFFIRMED**