NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD J. MOORE,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERAN AFFAIRS,**
*Respondent-Appellee.*

---

2013-7023

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-451, Judge William A. Moorman.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

The Secretary of the Department of Veterans Affairs (Secretary) moves to dismiss the appeal for lack of jurisdiction. Edward J. Moore files two motions entitled "Appellant's Motion to Amend His Pleadings . . ." and "Petition for Writ of Mandamus and/or Writ of Certiorari and Certified Question."

Mr. Moore, a veteran who is service-connected for two knee disabilities and is currently seeking entitlement to a higher disability rating, has appealed from a ruling of the United States Court of Appeals for Veterans Claims (Veterans Court) remanding his claims for further development.

Ordinarily, this court will decline to review remand orders of the Veterans Court. *See Deloach v. Shinseki*, 704 F.3d 1370, 1375-76 (Fed. Cir. 2013); *Ebel v. Shinseki*, 673 F.3d 1337, 1340 (Fed. Cir. 2012); *Williams v. Principi*, 275 F.3d 1361, 1363 (Fed. Cir. 2002). The general rule that this court does not review nonfinal decisions is subject to an exception, however, that allows appellants to challenge whether the Veterans Court did not have authority to remand the case. *Deloach*, 704 F.3d at 1376-77; *see also Byron v. Shinseki*, 670 F.3d 1202, 1204 (Fed. Cir. 2012).

The problem with resolving the Secretary's motion before Mr. Moore has filed his brief is that it is unclear whether he will challenge that reversal was the only proper remedy. Because Mr. Moore's submissions suggest that he thinks the Veterans Court erred and that he is entitled a higher rating, we deem it the better course to deny the Secretary's motion to dismiss and for him to put any argument regarding jurisdiction in his brief.

Regarding the briefing, it is unclear to the court whether Mr. Moore intended any of his motions to constitute his informal brief on the merits of his appeal. To the extent that he is arguing the merits of his case, those arguments belong in his informal brief.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is denied.

3                                          EDWARD MOORE V. SHINSEKI

(2)  Mr. Moore's motions are denied.

(3)  Mr. Moore's informal brief is due within 21 days from the date of filing of this order.


FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk


s26