# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-3463

FRAZIER FOREMAN, APPELLANT,

V.

DAVID J. SHULKIN, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided January 22, 2018)

*Frazier Foreman*, pro se.

*Meghan Flanz,* Interim General Counsel; *Mary Ann Flynn*, Chief Counsel; *Carolyn F. Washington*, Deputy Chief Counsel; and *Nathan P. Kirschner*, all of Washington, D.C., were on the brief for the appellee.

*Paul M. Schoenhard*, of Washington, D.C., filed a brief for the Veterans Consortium Pro Bono Program as amicus curiae.

Before DAVIS, *Chief Judge*, and PIETSCH and BARTLEY, *Judges*.

BARTLEY, *Judge*, filed the opinion of the Court. DAVIS, *Chief Judge*, filed a dissenting opinion.

BARTLEY, *Judge*: Self-represented veteran Frazier Foreman appeals an August 5, 2015, Board of Veterans' Appeals (Board) decision denying entitlement to an effective date earlier than July 13, 2010, for service connection for post-traumatic stress disorder (PTSD). Record (R.) at 2-8.[1] This case was referred to a panel of the Court to address the effect of a July 13, 2010, amendment to VA's PTSD regulation, 38 C.F.R. § 3.304(f), on the effective date of a claim granted on the basis of that amendment. The Court holds that the July 2010 amendment to § 3.304(f) is not a liberalizing rule and that, therefore, for purposes of determining the effective date for an

---

[1] The Board remanded for additional development claims for entitlement to service connection for a bilateral foot disability to include peripheral neuropathy and an initial evaluation in excess of 50% for service-connected PTSD. R. at 2, 5-8. Because a remand is not a final decision of the Board subject to judicial review, the Court does not have jurisdiction to consider those matters at this time. *See Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000); *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order); 38 C.F.R. § 20.1100(b) (2017).

award of benefits based on that amendment, 38 C.F.R. § 3.114 does not apply to prevent an effective date earlier than July 2010. Accordingly, the Court will reverse the Board's August 2015 denial of an effective date earlier than July 13, 2010, for service connection for PTSD and remand the matter for the Board to determine the proper effective date of benefits consistent with this decision.

## I. FACTS

Mr. Foreman served on active duty in the U.S. Army from August 1970 to August 1972, including service in Vietnam from March 1971 to March 1972. *See* R. at 3, 47. In August 1972, the Department of the Army submitted VA Form 21-526e, Veteran's Application for Compensation or Pension at Separation from Service, to a VA regional office (RO) on behalf of Mr. Foreman. R. at 105. The application specifically named claims for "fungus or skin disease" and back pain. R. at 1975-76. With the application, the Army submitted certain service medical records (SMRs), s*ee* R. at 48, 105, 1975, including: (1) a separation examination report indicating that Mr. Foreman reported frequent trouble sleeping, depression or excessive worry, and nervous trouble, with an examining physician notation that the veteran had a "nervous condition - mild," R. at 116-17; (2) a December 1971 progress note stating that the veteran was unable to get along with others, lacked self-confidence, was critical of himself, and worried that he would not be satisfied when he returned home, where the doctor's impression was "Patient is normal. Reacting to situation. No psychopathology" and noted that if the situation persisted, a visit to the mental hygiene clinic would be arranged, R. at 52; and (3) records regarding a metacarpal right finger fracture, R. at 49, 64-65, 78, 104.

In March 1973, the RO granted service connection for a skin condition, lumbosacral strain with degenerative disc disease, and residuals of a metacarpal right ring finger fracture. R. at 1938. The RO briefly discussed these three conditions, referencing the veteran's entrance and separation examinations, and mentioned no other disabilities. R. at 1937.

VA medical records show that Mr. Foreman received treatment for depression and anxiety between September 2004 and May 2008. *See* R. at 972, 975, 978, 980, 983, 985, 989. An April

2005 progress note of record indicates that the veteran was screened for PTSD.[2]  R. at 723.  July and August 2008 medical records note a diagnosis of PTSD, generalized anxiety disorder, and alcohol dependence with physiological dependence.  R. at 989, 992.

On September 23, 2008, Mr. Foreman filed a claim for service connection for PTSD.  R. at 967-68.  While the claim was pending, effective July 13, 2010, VA amended 38 C.F.R. § 3.304(f), to eliminate the requirement for corroborative evidence of a stressor where a VA mental health expert has diagnosed PTSD and the stressor is related to the veteran's fear of hostile military or terrorist activity.  Stressor Determinations for Posttraumatic Stress Disorder, 75 Fed. Reg. 39,843 (July 13, 2010) (final rule) (codified at 38 C.F.R. § 3.304(f)(3)); *see also* Stressor Determinations for Posttraumatic Stress Disorder, 74 Fed. Reg. 42,617 (Aug. 24, 2009) (proposed rule).

During a September 2010 VA contract PTSD examination, Mr. Foreman reported that while in Vietnam he was attached to graves registration, saw a lot of the bodies that had been picked up for processing, and assisted with this sometimes.  R. at 685.  The examiner noted that the veteran stated that he was exposed to dismembered bodies multiple times over several months.  R. at 686.  The veteran believed that he could have been physically injured and felt "horrified" during that time.  *Id*.  The examiner diagnosed anxiety disorder, not otherwise specified (NOS), noting that this included insomnia.  R. at 688.  The examiner opined that the veteran did not meet the criteria for PTSD because he had had no fear of hostile military or terrorist activity.  R. at 688-89.

In September 2010, the RO denied service connection for PTSD because the veteran had no current PTSD diagnosis.  R. at 677-78, 680.  The RO noted that Mr. Foreman was seen for PTSD in April 2005; that an October 2005 note indicated that the veteran had a history of PTSD, but found that there was no formal PTSD examination conducted by a qualified provider; and that an April 2010 note diagnosed PTSD but the provider was not recognized by VA as an individual qualified to make such a diagnosis.  R. at 678-79.  The RO also indicated that there was insufficient evidence to confirm that the veteran was engaged in combat or was a prisoner of war, and the

---

[2] The record before the Court does not contain the remainder of this note, including the results of any screening.

3

service department was unable to corroborate the claimed stressors. R. at 678. Mr. Foreman filed a Notice of Disagreement (NOD) in October 2010. R. at 660.

In March 2011, the RO requested a PTSD examination for the veteran, informing the examiner of Mr. Foreman's service records—including his separation examination that noted a nervous condition and the December 1971 progress note—and instructing the examiner to indicate whether the veteran's PTSD or anxiety disorder was as likely as not related to or caused by service. R. at 573-76. During a March 2011 VA examination, the veteran reported that "seeing dead bodies and having to pick up body parts" was particularly traumatic throughout his time in Vietnam and the examiner noted that the veteran's compound was routinely shelled. R. at 570. The examiner diagnosed PTSD and stated that Mr. Foreman met the *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition (DSM-IV), stressor criterion in that while in Vietnam he experienced, witnessed, or was confronted with an event that involved actual or threatened death or serious injury, or a threat to the physical integrity of himself or others, and that his response involved intense fear, helplessness, or horror. R. at 570-72.

In November 2012, the RO granted entitlement to service connection for PTSD with a 50% evaluation effective March 22, 2011, the date of Mr. Foreman's most recent PTSD examination. R. at 218. The RO implied that the March 2011 examination report revealed that the veteran met the new, relaxed standard for service connection for PTSD. R. at 220. The veteran filed an NOD as to the assigned effective date in December 2012 and in November 2014 the veteran perfected his appeal. *See* R. at 120-21.

In August 2015, the Board issued the decision on appeal, granting an effective date of July 13, 2010, but no earlier, for service connection for PTSD. R. at 5. The Board noted that April 2005 and June 2006 VA treatment records included positive PTSD screening tests and diagnoses; the veteran's claim for service connection for PTSD was received in September 2008; and the September 2010 examiner had erroneously noted that the veteran felt no fear of hostile military or terrorist activity. R. at 4. The Board determined that VA's July 13, 2010, amendment to § 3.304(f) was a liberalizing rule, and it found that the November 2012 RO decision granted Mr. Foreman service connection for PTSD pursuant to this liberalizing rule. R. at 4. The Board discussed § 3.114, which provides that where compensation is awarded pursuant to a liberalizing law or regulation, the effective date of such award will be fixed in accordance with the facts found but will not be earlier than the effective date of the liberalization. R. at 4. The Board found that the

4

veteran met all PTSD criteria continuously since the date of the amendment to § 3.304(f), and, applying § 3.114, awarded an effective date of July 13, 2010, for the award of service connection for PTSD. R. at 5. This appeal followed.

## II. ANALYSIS

Mr. Foreman argues that the Board provided inadequate reasons or bases for its denial of an effective date earlier than July 13, 2010. Appellant's Brief (Br.) at 5-6. He asserts that the August 1972 application for VA benefits contained an informal claim for service connection for a mental disorder and that he is entitled to an effective date of benefits for service connection for PTSD back to that date. Appellant's Br. at 6-8; Appellant's August 2016 Reply Br. at 3; Appellant's July 2017 Reply Br. at 2. The Secretary argued in his initial brief that, even if Mr. Foreman was correct that the August 1972 application should have been construed as a claim for PTSD, the proper effective date in this case is nevertheless July 13, 2010, because the grant of service connection was made in accordance with § 3.304(f)(3), a liberalizing rule, and under § 3.114, where benefits are awarded pursuant to a liberalizing rule, the proper effective date of benefits is the effective date of that rule. Secretary's Br. at 6.

The Veterans Consortium Pro Bono Program, as amicus curiae, submitted a brief addressing whether § 3.304(f)(3) is a liberalizing rule for purposes of assigning an effective date in this case.[3] The amicus argued that the amendment to § 3.304(f) in July 2010 constituted a procedural change in the law because it relaxed evidentiary standards rather than creating a new substantive right, and therefore was not liberalizing for effective date purposes. Amicus Br. at 9 (citing *Spencer v. Brown*, 17 F.3d 368, 372-73 (Fed. Cir. 1994)). The amicus noted that VA's comments in the Federal Register regarding § 3.304(f)(3) expressly determined that this change was procedural. *Id*. at 10.

The Secretary then filed a substitute brief asserting that the Board's finding that the July 2010 amendment to § 3.304(f) was a liberalizing rule for purposes of assigning effective dates was clearly erroneous,[4] given the Federal Register comments, and that Mr. Foreman was therefore not

---

[3] The Court expresses its appreciation to the Veterans Consortium Pro Bono Program and extends its gratitude to attorney Paul M. Schoenhard for filing a brief with the Court on behalf of the amicus.

[4] Although the Secretary characterizes the issue of whether § 3.304(f) is liberalizing as an issue of fact, it is properly a question of law—i.e., interpretation of the amendment to the regulation—subject to de novo review by this Court. *See* 38 U.S.C. § 7261(a)(1).

limited to a July 13, 2010, effective date. Secretary's Substitute (Sub.) Br. at 5-6. The Secretary argues that, based on the facts found by the Board, the proper effective date should be September 23, 2008, the date of the veteran's formal claim for service connection for PTSD. *Id*. The Secretary asserts that Mr. Foreman is not entitled to an effective date earlier than September 23, 2008, because the August 1972[5] application for benefits did not identify PTSD or any other psychiatric condition and SMRs did not evince an intent to apply for service connection. Secretary's Sub. Br. at 6-8.

### A. July 13, 2010, Amendment to § 3.304(f)

The Court holds that the July 13, 2010, amendment to § 3.304(f) is not a liberalizing rule for the purposes of § 3.114 and that Mr. Foreman is therefore not precluded from receiving an effective date prior to July 13, 2010, for the award of service connection for PTSD.

The general rule for assessing the effective date for an award of benefits provides that, "[e]xcept as otherwise provided, the effective date of an evaluation . . . will be the date of receipt of the claim or the date entitlement arose, whichever is the later." 38 C.F.R. § 3.400 (2017); *see* 38 U.S.C. § 5110(a) (instructing that, generally, "the effective date of an award . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application"). Subsection 3.400(p) creates an exception to the general rule for awards granted pursuant to liberalizing laws, cross-referencing § 3.114 to determine the appropriate effective date. 38 C.F.R. § 3.400(p). Section 3.114, in turn, generally provides that the effective date for a claim granted based on a favorable change in law cannot be earlier than the effective date of the liberalizing law or VA regulation. 38 C.F.R. § 3.114; *see* 38 U.S.C. § 5110(g).

In *Spencer v. Brown*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that a liberalizing law for purposes of determining effective dates is one that brings about a substantive change in the law, creating a new and different entitlement to a benefit. 17 F.3d 368, 372-73 (Fed. Cir. 1994). In *Routen v. West*, the Federal Circuit found that a change in the evidentiary standard to rebut the presumption of aggravation was procedural in nature because it did not create a new cause of action; rather, veterans simply benefitted from a stronger presumption toward the same ultimate benefit. 142 F.3d 1434, 1441 (Fed. Cir. 1998).

---

[5] The Secretary incorrectly refers to this as the October 1972 application for benefits.

This Court has applied the same analysis. In *Brown v. Nicholson*, the Court concluded that 1994 amendments to 38 C.F.R. § 3.309, which provided for presumptive service connection for several newly listed conditions, were liberalizing because they created new causes of action for benefits. 21 Vet.App. 290, 295 (2007) (holding that the amendment to § 3.309(c) recognized for the first time a causal connection between localized edema during captivity and ischemic heart disease). In *Bonner v. Nicholson*, the Court determined that an amendment to § 3.309(e) was liberalizing, as it created a new cause of action by authorizing presumptive service connection for Hodgkin's disease based on herbicide exposure. 19 Vet. App. 188, 194 (2005); *see also Williams v. Principi*, 15 Vet. App. 189, 198 (2001) (noting that before the amendment to § 3.309(e), no law had provided presumptive service connection for respiratory cancer and holding that the amendment was therefore liberalizing).

Here, the amendment to § 3.304(f) did not create a new and different entitlement to service connection for PTSD. Prior to the July 2010 amendment, veterans could claim entitlement to service connection for PTSD. At that time, a veteran not recognized as having participated in combat was required to provide credible supporting evidence to corroborate the occurrence of a claimed in-service stressor. The July 2010 amendment relaxed the evidentiary standard for demonstrating the occurrence of a claimed in-service stressor, allowing a veteran's testimony alone to establish the occurrence of the stressor, provided certain requirements were met. *See* 75 Fed. Reg. 39,843, 39,851. Both before and after the regulation, however, claimants sought the same ultimate *benefit*—service connection for PTSD. Thus, like the regulation at issue in *Routen*, the amendment to § 3.304(f) is not liberalizing. *See* 142 F.3d at 1441.

VA recognized the procedural nature of the amendment when it published the final rule for § 3.304, expressly stating that the changes to the regulation were not liberalizing for effective date purposes. *See* 75 Fed. Reg. 39,843, 39,851 ("This regulation . . . governs procedural matters rather than creating a new basis for entitlement to service connection for PTSD because it merely relaxes under certain circumstances the evidentiary standard for establishing occurrence of a stressor. As a result, 38 U.S.C. § 5110(a), rather than 38 U.S.C. § 5110(g), is applicable to awards under this rule."). Further, VA stated that § 3.304(f)(3) was intended to decrease the burden on veterans and VA in researching claimed stressors, improve timeliness, and ensure consistent decision-making. 74 Fed. Reg. 42,618. This intent bolsters the Court's holding that the amendment was procedural in nature and therefore not liberalizing for effective date purposes. *See Spencer*, 17 F.3d at 372-

7

73 (finding a statute "unmistakably procedural in nature" because it was intended to improve the adjudicative process).

Because the July 2010 amendment to § 3.304(f) is not liberalizing for effective date purposes, § 3.114 does not govern the effective date of benefits in this case. The Board thus prejudicially erred as a matter of law by applying § 3.114 to restrict Mr. Foreman from receiving an effective date earlier than July 13, 2010, instead of applying section 5110(a) and § 3.400, which allow for an effective date at least as early as the date of receipt of his claim for benefits.

## B. Effective Date

The Secretary asserts that if the Court concludes that the § 3.304(f) revision was not a liberalizing rule and that the Board erred in applying it to determine Mr. Foreman's effective date, the Court should proceed further and assign an effective date for Mr. Foreman's PTSD benefits. Secretary Sub. Br. at 6. He argues that the Court should assign a September 23, 2008, effective date because the Board "conceded" that Mr. Foreman met all the criteria necessary for entitlement to service connection for PTSD as of the date of the rule change, July 13, 2010, and that "[t]herefore, applying 38 U.S.C. § 5110(a), based upon the facts found by the Board, the effective date of the grant of service connection should be the date of his claim, September 23, 2008." *Id.* He admits that Mr. Foreman argues for an effective date earlier than September 2008, but asks the Court to reject the veteran's arguments because "nothing Appellant points to constitutes a claim of entitlement to service connection for PTSD" earlier than September 2008. *Id.* The Court will decline the Secretary's invitation to adjudicate the effective date issue because doing so would require us to engage in fact finding as to several matters that the Board, due to its erroneous reliance on § 3.114, did not address.

The Court first notes that Mr. Foreman's pro se pleadings before the Board demonstrated a request for an effective date earlier than 2008. *See* R. at 121-22 (disagreeing with the assigned July 2010 effective date because he was diagnosed with PTSD in 2005, treated for PTSD symptoms in 2003, and experienced depression and nervous trouble in 1972), 192-203 (same).[6] However, the Board decision on appeal did not address the veteran's pleadings in any way, including whether Mr. Foreman was entitled to an effective date earlier than July 2010. Instead, the Board assessed

---

[6] Before this Court, again acting pro se, Mr. Foreman argues more cogently that the Board should have construed his August 1972 application for benefits, and the SMRs that were sent with that application, as an informal claim for service connection for a mental condition. Appellant's Br. at 6-8; Appellant's August 2016 Reply Br. at 3; Appellant's July 2017 Reply Br. at 2.

8

the effective date for service connection for PTSD only through the lens of § 3.114(a). Using that lens, the Board determined that the veteran met all eligibility criteria continuously since July 13, 2010. R. at 5. The Board did not address how section 5110(a)—providing that an effective date shall be fixed in accordance with the facts found—and § 3.400—instructing that an effective date will be the date of the claim or the date entitlement arose, whichever is later—would apply to arrive at an effective date.

The Board summarily concluded that because his award of entitlement to service connection for PTSD was granted pursuant to a liberalizing law, a July 13, 2010, effective date was appropriate. Because the Board believed the § 3.304(f) revision to be liberalizing and that § 3.114 applied, the Board had no reason to address the effective date matter further. Having been informed that § 3.114 does not apply, it is the Board, not this Court, that must address section 5110(a), § 3.400, and the veteran's arguments and determine in the first instance the effective date of service connection for PTSD.

Caselaw supports our view that the Court should not reach beyond the scope of review outlined in section 7261 and engage in fact finding to assign an effective date of benefits in this case. In general, the Court should not make factual findings and weigh evidence, actions required to determine the effective date for a service-connected disability. *See Byron v. Shinseki*, 670 F.3d 1202, 1205-06 (Fed. Cir. 2012). In *Byron,* the Federal Circuit reiterated its holding in *Hensley*, that "when the Board misinterprets the law and fails to make the relevant initial factual findings 'the proper course for the Court of Appeals for Veterans Claims [is] to remand the case to the [Board] for further development and application of the correct law.'" *Id.* at 1205 (quoting *Hensley v. West,* 212 F.3d 1255, 1263 (Fed. Cir. 2000)); *see also DeLisio v. Shinseki*, 25 Vet.App. 45, 51-52 (2011) (a "determination of an effective date for benefits for a disability can be a complex matter" given the varying issues involved in assessing the date of the claim and the "facts found," which include the date the disability first manifested and the date entitlement to benefits was authorized by law and regulation).

Thus, in general, it is the Board that makes factual findings and weighs pertinent evidence and none of the rare exceptions to that rule applies here. *See Byron*, 670 F.3d at 1206. This is certainly not a case where the government has conceded the relevant facts, *see id*., although the Secretary attempts to frame it as such by describing certain Board and Secretarial statements as concessions. Secretary Sub. Br. at 3, 4, 6. A concession is the voluntary yielding to an opponent's

9

demand for the sake of a settlement. *Black's Law Dictionary* 328 (9th ed. 2009). Here, the veteran argues for an effective date *earlier* than 2008; thus, any Secretarial acknowledgement that the veteran may be entitled to a 2008 effective date cannot be termed a meaningful concession to the veteran's demands. As to the Secretary's argument that all relevant facts have already been found by the Board, his brief belies any such conclusion. In urging the Court to apply section 5110(a) in the first instance, the Secretary spends two-and-a half pages explaining why the veteran is not entitled to an effective date earlier than September 2008, citing numerous record pages and asking the Court to interpret these records in the first instance. *See* Secretary's Sub. Br. at 6-8 (citing to R. at 27, 48-66, 70-71, 73-74, 76-80, 82-83, 95-96, 98, 100-04, 111-12, 114-17, 1975-76). That the Secretary's brief is laden with arguments as to how the Court should interpret these numerous record pages confirms our conclusion that this is not a case where the Board made all relevant factual findings necessary to determine the proper effective date. In conclusion, given the pro se veteran's arguments before the Board, which require additional fact-finding and weighing of evidence, the Court will remand for the Board to assess the proper effective date of benefits.

Accordingly, the Court will reverse the portion of the Board decision denying Mr. Foreman entitlement to an effective date earlier than July 13, 2010, for the award of service connection for PTSD and remand for the Board to determine the proper effective date consistent with this decision. Mr. Foreman is free on remand to submit additional evidence and argument, including the arguments raised in his briefs to this Court, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order), and the Board must consider any such evidence or argument submitted, *see Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Court reminds the Board that "[a] remand is meant to entail a critical examination of the justification for the [Board's] decision," *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991), and must be performed in an expeditious manner in accordance with 38 U.S.C. § 7112.

### III. CONCLUSION

Upon consideration of the foregoing, the portion of the August 5, 2015, Board decision denying entitlement to an effective date earlier than July 13, 2010, for service connection for PTSD is REVERSED and the matter is REMANDED for the Board to determine the proper effective date consistent with this decision.

DAVIS, *Chief Judge*, dissenting in part:

I fully agree that 38 C.F.R. § 3.304(f) is not a liberalizing rule and that the Board erred in treating it as such in the adjudication of Mr. Foreman's claim. I also agree that the Board clearly erred when it denied entitlement to an effective date prior to July 13, 2010, for Mr. Foreman's award of service connection for PTSD. I disagree, however, with the majority's decision to remand this case for the Board to assign an effective date, as I believe that the evidence of record is clear that September 23, 2008, is the only proper effective date.

Mr. Foreman's arguments do not demonstrate Board error. Although he contends that his August 1972 application for VA benefits, together with his separation examination and a December 1971 progress note, constitute an informal claim for entitlement to service connection for a mental disorder, those documents do not prove that the Board clearly erred when it denied entitlement to an effective date prior to July 13, 2010. Rather, the only basis for finding error in the Board's effective date determination is the Secretary's concession that September 23, 2008—the date Mr. Foreman filed his PTSD claim—is the proper effective date.

By remanding for the Board to conduct additional inquiries into the proper effective date, including consideration of Mr. Foreman's arguments on appeal, the majority unnecessarily delays the final resolution of Mr. Foreman's claim. Although the majority is correct that the Board did not specifically consider Mr. Foreman's contention that his August 1972 submission constituted an informal claim, those documents do not demonstrate entitlement to an earlier effective date, and remanding this case for the Board to consider that theory "would result in this Court's unnecessarily imposing additional burdens on the [Board] and [VA] with no benefit flowing to the veteran." *Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991). I would find that "the Court is able to rule on the merits of the appeal based upon a review of the record," *id.*, and would, accordingly, accept the Secretary's concession and direct the Board, on remand, to assign September 23, 2008, as the effective date for the award of service connection.

I must, therefore, respectfully dissent in part.